## STATE ex FULTON v
## ARROWHEAD INVESTMENTS, INC et

Ohio Common Pleas, Summit Co

No 104758. Decided Jan 7, 1937

John W. Bricker, Attorney General, by Perry Graham, Cleveland, and Rice A. Hershey, Akron, for plaintiff.

Gillum H. Doolittle of Rockwell, Grant, Doolittle, Thomas & Buckingham, Akron, for defendants.

COOK, J, of Lorain County Common Pleas Court sitting by assignment in Summit County.

## OPINION

By COOK, J.

The relator, in his capacity as superintendent of banks, has filed his petition in this case against various stockholders of The First Central Trust Company, of Akron, Ohio, seeking judgment against these defendants on their super-added liability as such stockholders. This petition sets forth facts sufficient to constitute a cause of action against the defendants.

To this petition the defendant Credit Corporation of Akron has filed its amended answer and cross-petition, wherein it sets forth in detail the plan whereby The First Central Trust Company, of Akron, resumed business under authority of law and with the consent and approval of the Court of Common Pleas of Summit County, Ohio, and in its cross-petition it prays that the assessment of stock liability, for recovery of which this action is brought against it, may be declared void and that the superintendent of banks and the State of Ohio, and each of them, be permanently enjoined from further prosecution of this action against this defendant.

This cause is now before the court on a demurrer filed by the plaintiff to this answer and cross-petition of the defendant Credit Corporation of Akron. The plan in question is set up in detail in the cross-petition. Counsel have referred to it in detail in the various briefs and the court has had a copy in the consideration of this case.

It is sufficient for our purpose to note that the following was accomplished under this plan:

First: The superintendent of banks borrowed from The Reconstruction Finance Corporation a sufficient sum to pay the then debt to that corporation and to provide capital, surplus and undivided profits to enable the bank to resume business.

Second: The capital stock of the bank was reduced from $7,416,450.00 to $741,645.00 and the par value of the new shares was fixed at $5.00 each.

Third: The bank, upon resumption of business, distributed to depositors and creditors twenty-five per cent. of the respective claims and all assets of the bank, except the securities pledged to The Reconstruction Finance Corporation, were

pledged for the payment of the remaining seventy-five per cent. of the claims of the remaining' depositors and creditors.

The defendant Credit Corporation of Akron did not consent to the adoption of this plan, but sufficient stockholders and creditors did approve of the plan to put the plan in operation.

It is the contention of the defendant, as set forth in its brief, that there can be no recovery against it in this action, for three reasons:

First: Because defendant, by the plan which was concurred in by all creditors, ceased to be a stockholder.

Second: Because, when this suit was filed there existed no contracts, debts, or other obligations of the bank.

Third: Because at the time the suit was commenced, the superintendent of banks was not in possession of the business and assets of the bank and had therefore not the statutory qualifications to maintain the suit.

The court can not agree with the defendant in its first contention. The law is well settled that the super-added liability of a stockholder attaches at the time the corporation became indebted to its depositors and other creditors. At the time the superintendent of banks took possession of the assets and the property of this bank for the purpose of liquidation, the defendant was then a stockholder of the bank and the liability, if any, then against it existed.

Coming to the second contention of the defendant, can it be said that at the time this suit was instituted there were no debts or obligations of the bank? It is true that at that particular time, under the plan adopted, the bank itself was discharged from all liability respecting the seventy-five per cent. portion of the claims of the creditors and depositors, and that participation certificates were issued to the creditors to the extent of seventy-five per cent. of their claims. These certificates gave each creditor the right to participate in the proceeds of the frozen assets set aside for the benefit of these certificates. Whichever way we view it, the creditor still had a claim of seventy-five per cent. of his original amount, which claim arose out of the operations of the bank at the time when the defendant was a stockholder thereof. The release or discharge of the bank itself from further liability on this claim does not discharge the debt, nor does it release a stockholder from his super-added liability. It is not unlike a situation where two persons are both liable to a third party and one of the debtors is adjudicated a bankrupt and is released from liability for the reason that he has complied with the bankruptcy law by turning over all of his property not exempt for the benefit of his creditors. The debt, however, still exists and is a valid claim against the other debtor. The court is therefore of the opinion that at the time this suit was instituted there did exist certain obligations of the bank (for which the bank itself was not liable, but which remained a liability against the stockholders).

The court is also of the opinion that the superintendent of banks had the necessary statutory qualifications to maintain this suit. §710-95 GC provides as follows:

"Until an order to declare and pay a final dividend shall be entered in the liquidation proceedings the right to enforce such liability is hereby vested exclusively in the superintendent of banks."

That section of the law gives ample authority for the superintendent of banks to institute this suit, under the facts disclosed by the petition and cross-petition.

When this bank was closed and its assets and property taken over by the superintendent of banks, in his official capacity, the creditors and stockholders of the bank had recourse to all the property of the bank and to the super-added liability of the stockholders for the payment of their claims. By the plan under which the bank was re-opened, all of the property and assets of the bank were disposed of for the benefit of these depositors and creditors, and the plan itself clearly expresses the intention to enforce the super-added liability against the stockholders.

There can be no question but what there was a liability against the stockholders at the time the bank was closed. All that was done since then was in accordance with the law and for the benefit of all concerned. No action has been since taken, under the plan or otherwise, which would in the opinion of the court relieve any of the stockholders of their liability as such stockholders.

The demurrer to the answer will therefore be sustained and exceptions noted for the defendant.