STEPHENS, Plaintiff-Appellee v. TROTWOOD (Village), Defendant-Appellant.

Ohio Appeals, Second District, Montgomery County.

No. 1760. Decided June 30, 1943.

A. A. Moeller, Dayton, Ralph A. Argabright, Dayton, and Guy E. Miller, Dayton, for plaintiff-appellee.

Allaman, Funkhouser & Murr, Dayton, for defendant-appellant.

## OPINION

By GEIGER, J.

While this action is for judgment for injuries alleged to have been caused by the defendant, it involves more questions than are usually found in such cases. This requires us to present the matter somewhat more in detail.

The petition recites that the defendant is an incorporated village in Montgomery county, Ohio; that a state highway traverses said village in an easterly and westerly direction and within the corporate limits thereof is designated as Main Street, which is a duly dedicated public thorofare; that on the morning of August 2, 1939, at sunrise, plaintiff was traveling in his automobile in a westerly direction on said Main Street in the village; that said street was well paved and that he was operating his car in a proper manner, and while he discovered no obstacle visible on said street, suddenly and without warning, his automobile was precipitated into an excavation, the surface of which was rough, irregular and uneven, by reason whereof his automobile swerved to the left and was thrown against a tree on the south side of said street and was turned over and wrecked, and the plaintiff was injured as described.

It is alleged that said excavation extended across the full width of said Main Street in said village; that the village, through its agents, was negligent in that it failed to provide either a watchman, lights, signal, barricade or any warning to warn travelers that the village had caused the excavation; that the village was also negligent in failing to provide a detour.

It is alleged that by reason of said negligence, plaintiff's automobile was damaged to the extent of $275.00 and that he suffered injuries which resulted in the loss of his left eye, to his damage in the sum of $5,000.00. He prays judgment in the sum of $5.275.00.

There are a number of preliminary motions to the petition as well as to the first answer by the village. That answer admits certain formal matters and denies all others and alleges that the plain-

tiff was operating his automobile at an excessive rate of speed and that because of such speed, he was unable to bring his automobile to a stop in the assured clear distance ahead. Motions were filed to the answer which were sustained, and a second amended answer was filed wherein the first defense is to the effect that on the 22nd day of November, 1940, in an action in the Common Pleas Court of Montgomery county, case No. 91,010, the plaintiff was plaintiff and the defendant was defendant. That cause having been assigned for trial, the defendant recovered a judgment of dismissal of the petition, not upon the merits, but upon a question of law based upon the sufficiency of the plaintiff's petition in said numbered action. The defendant alleges that the statement of facts made in the first petition, No. 91,010, are identical with the statement of facts and allegations as made in the instant case and that the issue as to the facts and the law are the same. The two petitions are not identical although relating to the same cause of action.

The plaintiff filed a special demurrer to defense No. 1 of the second amended answer which was by the court sustained, in the entry of November 1, 1941, to the effect that the special demurrer was well taken and should be sustained.

After the court had made the preliminary ruling on this question the cause was tried to a jury and during the trial the defendant was given leave to set up the defense of res judicata. The verdict resulted in favor of the plaintiff in the sum of $5000.00. The defendant moved for an order vacating the verdict and granting a new trial on seven grounds, which may be condensed to irregularities in the proceedings, misconduct of the jury, accident and surprise, excessive damages, verdict not sustained by sufficient evidence, newly discovered evidence and errors occurring at the trial. This motion was overruled and the defendant gave notice of appeal to this court from the judgment rendered by the Court of Common Pleas on the 16th day of September, 1942, on the motion for judgment on the pleadings as to the first defense of the defendant's second amended answer. The entry of September 16th, from which notice of appeal was thus given, was to the effect that it was ordered by the court that the motion for judgment on the pleadings as to the first defense contained in the defendant's second amended answer be and the same is sustained.

We are of the opinion that when the defendant filed his notice of appeal from the entry of September 16th, such appeal does not bring the case before us for the reason that it does not involve a final order. **Section 12222-2 GC**, describes a final order as one affecting a substantial right when in effect it determines the action and prevents a judgment.

An order of the court sustaining a general demurrer is not a final order and does not determine the action or prevent a judgment. See **Guarantee Finance Company v. Russell, 25 Abs 482**, decided by this court, where it is said:

"We can not entertain an appeal unless there is a final order in the court below."

The court in his charge in the instant case, page 111 of the record, said to the jury:

"In the defendant's second amended answer there are two defenses denominated 'Defense No. 1' and 'Defense No. 2'. This court will now instruct you as to 'Defense No. 1'. You will give no consideration to this because the court has determined as a matter of law that this 'Defense No. 1' does not constitute a defense to the plaintiff's action; therefore this defense, which alleges in substance that the issues have been determined by a previous case, you will not consider."

On pages 105 and 106, the following appears; By Mr. Murr, attorney for defendant-appellant:

"With that we rest, Your Honor, and we wish to renew our motion for a directed verdict.

THE COURT: Just before your motion for a directed verdict you have proffered this testimony here on these pleadings in support of the first defense of your second amended answer.

MR. MURR: That is correct.

THE COURT: The court will reaffirm the ruling heretofore made for the reason that the court considers that these pleadings and entries do not show a disposition of the case upon its merits but upon a question of law, based upon the sufficiency of the plaintiff's petition in the former case."

However, any uncertainty we may have as to whether or not the notice of appeal from the order made September 16, 1942, is an appeal from a final order, becomes moot by reason of the entry of December 21st, disposing of the motion of the defendant for judgment notwithstanding the verdict of the jury and upon the motion of the defendant for a new trial. The court overrules said motions and further overrules the motion for judgment notwithstanding the verdict. The court then decrees:

"It is further ordered, adjudged and decreed by the court that said plaintiff recover from the defendant the amount due him by the verdict of the jury in the sum of $5000.00 together with costs, to all of which order, judgment and decree the defendant by his counsel excepts."

Thereupon, on January 6, defendant-appellant gives notice of appeal to the Court of Appeals; "from a judgment rendered by the Court of Common Pleas in the above entitled case on the 21st of December 1942." "Said appeal is on questions of law." The entry of December 21st was a final order and the appeal therefrom brings before this court all the matters asserted as errors in the trial of the case in the court below.

The substantive question is whether the plaintiff is entitled to recover on account of the accident suffered by him in the operation of his automobile on the village street. The court charged correctly in reference to the liability of the village under §3714 GC, to the effect that the corporation "shall cause them (the streets) to be kept open, in repair and free from nuisance."

In addition to the general verdict, the jury makes answer to interrogatory No. 1, which was to the effect, "Was the defendant, the village of Trotwood, guilty of maintaining a nuisance?" Answer: "Yes". The answer to this interrogatory disclosed that the jury had especially called to its attention the condition of the street and whether or not the village maintained a nuisance.

The court correctly charged as to the requisite care to be given by the officials to the condition of the highway and also as to the notice of defects which may have been either actual or constructive.

Counsel for plaintiff-appellee requested that the record show that the court was requested to define the assured clear distance ahead statute as set out in the case of **Smiley, Appellee v. The Arrow Spring Bed Company, 138 Oh St 81,** which request the court refused. This refusal, whether right or wrong, is not an error of which the defendant can complain as it made no request for such charge.

The court also correctly charges as to contributory negligence. The charge covers §12603 GC, relating to speed and assured clear distance ahead, and the requirements as to lights on the automobile.

Complaint is made that the verdict, is excessive and was given under the influence of passion and prejudice. In reading the record we do not find that the injury to the eye of the plaintiff was irreparable, but that there was only serious impairment thereof.

We do not think it necessary to go over these matters further, except to say that in our judgment the court's charges were correct, and that the facts presented were entirely within the province of the jury and that the verdict cannot be set aside by a reviewing court unless manifest errors appear which we do not find.

Judgment affirmed.

BARNES, P. J., and HORNBECK, J., concur.