### HENDRICKSON et v GALBREATH et

Ohio Appeals, 2nd Dist, Franklin Co

No 2874. Decided May 14, 1938

Agnes B. Dickinson, Columbus, for plaintiff-appellant.

Otis B. Core, Columbus, for Kentucky Joint Stock Land Bank, Lexington, Ky., defendant-appellee.

Bricker, Power & Barton, Columbus, for J. W. Galbreath, defendant-appellee.

### OPINION

By THE COURT

The above entitled cause is now being determined on two separate motions to dismiss the appeal, both predicated upon the question that the orders appealed from are not final orders.

One motion is filed by defendant, John W. Galbreath, and the other by a co-de-

fendant, The Kentucky Joint Stock Land Bank of Lexington.

The notice of appeal, omitting the formal parts, reads as follows:

"The plaintiffs hereby give notice of appeal to the Court of Appeals from a judgment rendered by the Court of Common Pleas in the above entitled cause on the 23rd day of December, 1937, and January 12, 1938. The said appeal is on questions of law."

The notice of appeal was filed January 12th. The judgment entry of December 23. 1937, omitting the formal parts, reads as follows:

"This day this cause came on to be heard upon the demurrer of the defendant, Kentucky Joint Stock Land Bank, of Lexington, to the petition, whereupon the court being fully advised finds said demurrer to be well taken and accordingly sustains the same. Plaintiffs are hereby given leave to amend their petition within rule. To all of which plaintiff excepts.

"Leach, J."

The entry of January 12, 1938, omitting the formal parts, reads as follows:

"This day this cause came on to be heard upon the demurrer of John W. Galbreath, to the petition of the plaintiff filed herein and was submitted and argued to the court. The court being fully advised in the premises finds that said demurrer should be sustained for the reason that the petition on its face shows that the action is barred by the statute of limitations and that the petition does not set forth facts sufficient to constitute a cause of action against the defendant, John W. Galbreath.

It is therefore ordered, adjudged and decreed that the demurrer of J. W. Galbreath to the petition of the plaintiff be and the same is hereby sustained, to which ruling the plaintiff excepts."

It is manifest that the judgment orders sought to be appealed from are not final orders under the state of the record. The action was still pending and the plaintiff would have the right to file an amended pleading. The action of the court in sustaining the demurrer would only become a final order if plaintiff would indicate to the court that he did not desire to plead further, and thereupon the court would dismiss the action. Of course the dismissal of the action would be a final order.

This principle of law is discussed in the text, 2 O. Jur. (Appeal and Error) par. 48, p. 93.

As heretofore indicated the appeal will be dismissed and costs assessed against appellant.

BARNES, PJ. HORNBECK and GEIGER, JJ, concur.