**LIESMAN, Admrx. v BROOKVILLE**
(Village)

Ohio Appeals, 2nd Dist, Montgomery Co.

No. 1610. Decided June 3, 1940.

Victor Jacobs, Dayton; Roy G. Fitzgerald, Sr., and Roy G. Fitzgerald, Jr., Dayton, for plaintiff-appellant.

John H. Shively, Dayton, for defendant-appellee.

### OPINION

By BARNES, J.

The above entitled cause is now being submitted as an error proceeding by reason of plaintiff-appellant's attempted appeal on questions of law from the judgment of the Court of Common Pleas of Montgomery County, Ohio.

In conformity to our custom, we examined the transcript of docket and journal entries, together with original papers, to determine whether or not the judgment complained of is a final order through which jurisdiction can be conferred upon this court, under the notice of appeal.

The question being a jurisdictional one, we make this search regardless of whether the question is raised through briefs of counsel.

It develops that the notice of appeal was prematurely taken and as a result we have no jurisdiction to hear the error complained of. We exhaust our authority when we dismiss the appeal for want of jurisdiction.

An examination of the judgment entry sought to be appealed from will at once demonstrate its vulnerability.

On October 4, 1939, the following entry was journalized:

"This cause came before the court on the demurrer filed by defendant, the Village of Brookville, Ohio, and the second amended petition of the plaintiff, for the reason that said second amended petition did not state facts which showed a cause of action against the defendant; and the court, after careful consideration thereof, finds that said demurrer is well taken and should be sustained.

It is, therefore, ordered, adjudged and decreed that said demurrer be and it hereby is sustained.

To which order plaintiff, by her counsel excepts.

Approved:
Krehbiel, Judge."

On the same day, plaintiff filed motion for rehearing, and on October 20, 1939, the court overruled the motion, as per the following journalized entry:

"This cause came on to be heard on the motion for rehearing filed in the above entitled cause on October 4, 1939, and the court upon due consideration thereof, finds that the same is not well taken and should be overruled.

It is, therefore, ordered, adjudged and decreed that said motion for rehearing be and the same hereby is overruled.

To which ruling plaintiff, by her counsel, excepts.

Approved:

Hodapp, Judge."

On October 23, 1939, plaintiff filed the following notice of appeal, omitting the caption:

"Inez Roller Liesman, administratrix of the estate of Sybilla Roller, deceased, not desiring to plead further in the above entitled cause, hereby gives notice of appeal to the Court of Appeals for Montgomery County, Ohio, from an order of the Common Pleas Court of Montgomery County, Ohio, entered in the above entitled cause on the 4th day of October, 1939, sustaining the demurrer of the defendant (appellee) to plaintiff's (appellant's) second amended petition.

Said appeal is on questions of law."

The notice of appeal was duly signed by counsel for plaintiff.

It has been repeatedly determined by the Supreme Court and by courts of appeals of the State of Ohio, that the sustaining or overruling of a motion for new trial is not a final order. Our court has so held so frequently that it should no longer be necessary to cite authorities, although they are available in great number. The journal entry overruling application for rehearing adds nothing whatever to the former order of the court sustaining the demurrer. An application for rehearing is not a requisite condition precedent to the filing of an appeal. The Code nowhere provides for such a pleading. The trial courts have an inherent right to give consideration to such application, but they are ordinarily filed before the journal entry. In theory the court has the opportunity to modify its orders or judgment during term, and the application for rehearing may call to the court's attention some matter that was overlooked.

Counsel in their notice of appeal undoubtedly recognize that the order of October 20, 1939, overruling motion for rehearing, has no significance since their attempted appeal was from the order of October 4th, sustaining demurrer. The notice of appeal contains a recital that the plaintiff does not desire to plead further.

The journal entry sustaining the demurrer should have recited this fact and then proceeded to final judgment dismissing petition and adjudging costs against plaintiff.

Under the law the case is still pending in the Common Pleas Court.

There exist the essential facts through which the court can render final judgment disposing of the case, but until such action is taken the notice of appeal is premature.

We now make the only order which we have the power to make, and that is that plaintiff's appeal is dismissed.

Entry may be drawn accordingly.

HORNBECK, PJ. & GEIGER, J., concur.