**DAVIES, Etc. v COLUMBIA GAS & ELECTRIC CORPORATION et**

Ohio Appeals, 2nd Dist, Franklin Co

No 3206.   Decided July 1, 1941

474

Robert L. Barton, Columbus; James W. Hoffman; Park Chamberlain, New York City, for plaintiff-appellant.

Eagleson & Laylin, Columbus; Luther Day. Cleveland; John B. McMahon, Toledo; Garrett S. Claypool, Chillicothe, for defendants-appellees.

## OPINION

BY THE COURT:

This matter is before the court on an appeal on questions of law from the judgment rendered by the Court of Common Pleas of Franklin County on December 27, 1939 which judgment sustained a demurrer to the petition upon the ground that it did not state a cause of action as a class suit, and overruled a motion to dismiss the petition.

We find among the papers, but not attached to the transcript of the docket and journal entries, the petition, titled, "John L. Davies on behalf of himself and all other natural gas consumers, etc., v The Columbia Gas & Electric Corporation" and six other public utilities producing and distributing natural gas within the territory described in the petition, and individual officers of the several companies.

The plaintiff brings the action on behalf of himself and of all other consumers of natural gas who purchased the same during the years 1929 to 1937 from the Ohio Fuel Gas Company or any other public utility purchasing natural gas from the mains of said Ohio Fuel Gas Company, and who are similarly situated and who are too numerous to be named and set out as parties in this action, which is one of common or general interest to all such natural gas consumers. The petition then sets out seriatim the corporate organizations of the several utilities.

The matter that engaged the attention of the court below and of the attorneys in that court and again in this court largely centers around the demurrer above alluded to which finally culminated in the order of the court journalized on December 27, 1939, which recites in substance that the cause came on to be heard upon the demurrer of the defendant, E. D. Bivens, to the petition, and also upon the motion of the defendant to dismiss the petition. It is recited that the Court "finds that the petition does not state facts sufficient to constitute a cause of action as a class suit, and therefore the demurrer to plaintiff's petition is sustained, to which ruling the plaintiff excepts;"

"The Court further finds that it does not appear but that the plaintiff individually has a sufficient claim to give this court jurisdiction and therefore the motion of the defendant, The Ohio Fuel Gas Company, to dismiss the petition is overruled, to which ruling the plaintiff excepts;"

"And it is ordered that the plaintiff be granted leave until January 6, 1940, to file his amended petition herein for **the purpose of setting forth his individual claim.**" The entry filed was that prepared by the defendants. The plaintiff offered an entry substantially in the wording of the entry offered by the defendant, and approved by the court, except as to the last three lines which we repeat as to both entries, in order that the difference between the two may be readily understood. The approved entry in the last paragraph is, "And it is ordered that the plaintiff be granted leave to January 6, 1940, to file his amended petition herein for the purpose of setting forth his individual claim". The corresponding paragraph of the plaintiff's proffered entry is, "And it is ordered that plaintiff be granted leave until January 13, 1940, to file his amended petition herein". The difference is apparent in this that

the approved entry was for leave to the plaintiff to file an amended petition for the purpose of setting forth his **individual claim** while the proffered entry was that leave was granted to the plaintiff to file his amended petition herein, which would permit an amended petition in the class suit.

This entry presents the interesting question as to whether or not the approved entry is as a matter of fact a final order from which appeal may be prosecuted. There is much argument, pro and con, upon this question, it being asserted by the defendants that the order which grants to the plaintiff leave to file his amended petition for the purpose only of setting forth his individual claim is as a matter of fact a final dismissal of the plaintiff's cause of action as a class suit.

Plaintiff claims the right under the statute to amend his petition and asserts that the Court erred in confining the permitted amendment to the individual claim of the plaintiff. The difficulty that we now encounter, as to whether the entry was a final order, could have been avoided by a more definite statement than is contained in the entry, either that plaintiff did not desire to plead further as a class action or that the court denied him such amendment, and that his petition was therefore dismissed, or that the plaintiff be permitted to file an amended petition in his class suit, which would have presented to the court the question as to whether he could, as a matter of fact, file a petition which would stand as against the demurrer.

The court below on December 6, 1939, filed an elaborate opinion concluding:

"The Court reaches the conclusion, after all the theories are explored, and all the authorities are examined and analyzed, we get down to the simple fact that here is attempted to be tried a large number of separate actions under one number and in the guise of a class suit, and the court reaches the conclusion that facts sufficient to constitute a cause of action as a class suit are not stated and the demurrer to the

plaintiff's petition is, therefore, sustained."

And the court further states in reference to the motion of the defendant to dismiss the action:

"It does not appear but that plaintiff individually has a sufficient claim to give this court jurisdiction so defendant's motion to dismiss is overruled."

The opinion of the court was carried into the entry above alluded to.

The plaintiff-appellant, John L. Davies, for himself and all others in whose behalf the action is brought gives notice of appeal to the Court of Appeals from the judgment, order and decree rendered by the Common Pleas Court entered December 27, 1939, reciting:

**"Said appeal is on questions of law."**

### ASSIGNMENTS OF ERROR

The defendants-appellees filed in this court assignment of errors, which so far as they relate to the matters now under consideration are as follows:

The court erred:

(5) In refusing plaintiff the right to file an amended petition for a class suit.

(6) In journalizing its decision of December 6th by restricting plaintiff's right to file an amended petition "for the purpose of setting forth his individual action".

(7) In journalizing its decision of December 6 making its journal entry ambiguous.

(8) In journalizing its decision of December 6, 1939, in failing to state in its entry of December 27, 1939, that plaintiff desired to file an amended petition as a class suit.

The first matter that engages our attention is whether or not there has been a final entry in the court below reviewable in this Court under §12223-1 **et seq.** By the provisions of §12223-2 an order affecting a substantial right when in effect it determines the action

and prevents the judgment is a final order. A decree is a final order which disposes of the whole merits of the case or some branch thereof and leaves nothing for further consideration of the court. A ruling on a demurrer is not a final order. An or-

**Headnote 1.** der sustaining a general demurrer is not a final order under §12223-2. 2 O. Jur. p. 137; §121. Liesman, Admrx. v Brookville (Village), 32 Abs 343.

The court found the petition does not state facts sufficient to constitute a cause of action as a class suit. At the time of the oral argument of this case the several members of the Court inquired of counsel for each side as to whether or not they would concede that the order sustaining the demurrer to the petition as a class suit was a final order unless it was made to appear that the petition to which the demurrer was sustained was finally dismissed. Counsel for neither side would commit themselves upon this proposition. It seems to us quite important that a suit such as this which is destined for a long journey through the courts should not be continued with a remaining doubt as to whether a proper start has been made. We can conceive that it is possible that the appellees, if they lose in this court, might in the Supreme Court assert that this court had no jurisdiction by reason of the fact that there had been no final order in the trial court. If such a position was sustained in the Supreme Court, it is possible that the whole matter would have to be again sent to the Court of Common Pleas to secure a final order from which an appeal could be properly prosecuted. This, of course, would be disastrous and would result in a long delay in the determination of this action.

In §11365 GC, in the chapter on procedure in the Common Pleas Court it is provided:

"If the demurrer be sustained, the adverse party may amend if the defect can be remedied with or without costs as the court directs. It shall be no ob-

jection to such amendment, that it changes the action from law to equity or vice versa if its basis, essential facts and final object remain the same."

On January 6, 1940, the plaintiff moved for leave to file an amended petition which he has attached to the motion and marked Exhibit "A". In support of this motion the plaintiff submits a memorandum. We can not analyze this at length, but it states that at the time the entry which was approved was under consideration the court was advised that plaintiff desired to plead further in the class suit. Plaintiff then asserts that the court approved the entry submitted by counsel for defendants which does not mention plaintiff's desire to plead further in the class suit, and does not grant or deny leave to file an amended petition as a class suit. The plaintiff asserts that under the statute of Ohio he has the right to file an amended petition, and if the court is determined to deny that right the plaintiff desires the court to journalize its decision in such positive words as will without doubt exhibit a final order. It is asserted that the denial of the plaintiff's request for leave to amend should not be left to the inference which may possibly be drawn from the court's entry of December 27, 1939. Plaintiff urges that the court should sustain the motion and allow the amended petition to be filed, and asserts that an examination of the proffered petition will show beyond question that it is more definite and specific and that it is not offered frivolously. Counsel points out the grounds for equitable jurisdiction which appear in the amended petition which he recites under 14 different paragraphs, and states that counsel believes the amended petition overcomes the defects which the court stated existed in the original petition.

So far as the docket and journal entries indicate, this motion to file an amended petition has never been passed upon. Neither has a motion for a new trial and rehearing, filed December 29, 1939, been disposed of.

We are of the view that the journal entry of December 6th is obscure as to whether it is a final order. The better practice would have been to permit the plaintiff to file his amended petition, upon which the court might then reach a conclusion as to whether such amended petition was still demurrable, and if a demurrer to the same was then sustained, that a definite order be made dismissing the petition and denying the right to further amend. Such procedure would leave no doubt as to the finality of the order. We, therefore, are of the opinion that the appeal should be dismissed and the cause be remanded to the Court of Common Pleas to permit the filing of an amended petition as a class suit, and that if a demurrer thereto be sustained that the entry definitely show that the petition is dismissed.

We regret to be called upon to reach this conclusion, but we feel that the plaintiff has a statutory right to file an amended petition, which right has been denied, but not in such terms as makes the denial a final order.

We are not concerned as to whether such petition so tendered to the court is or is not demurrable for the reason that the same has never been filed in the Court of Common Pleas and has never been passed upon.

The view we take as to the entry excludes the present consideration of the first four assignments of error involving the judgment of the Court in sustaining the demurrer as to the class suit.

Judgment accordingly.

GEIGER, PJ., HORNBECK & BARNES, JJ., concur.