**LYNAM et, Plaintiffs-Appellants v. WELFARE FINANCE CORP., Defendant-Appellee.**

Ohio Appeals, Second District, Montgomery County.

No. 1736. Decided April 26, 1943.

D. H. Wysong, Dayton, for plaintiffs-appellants.
Shaman, Winer & Shulman, Dayton, for defendant-appellee.

**OPINION**

By GEIGER, J.

The allegations of the petition are couched in rather extravagant and ill-considered language.

Its effect is that the defendant is a corporation engaged in usury business, charging interest at the rate of 36% per annum; that on or about August 23, 1939, the defendant took a judgment against the plaintiffs in a cause then pending for $216.88; and thereafter had an execution issued, requiring the bailiff to break into the garage of the plaintiffs and unlawfully take plaintiffs' automobile on said execution; that the automobile was sold by the bailiff and the defendant purchased the same for $315.00, leav-

ing a balance due plaintiffs of $89.00 from said sale; that before moving the automobile from the storage garage, the defendant employed the garage man to repair said automobile at a cost of $126.00, which amount the defendant forced the bailiff to deduct from the sale price, thereby indicating that the plaintiffs still owed the defendant a balance of $40.50; that on May 8, 1940, an affidavit was filed in the Municipal Court in aid of execution against plaintiffs for the purpose of frightening the plaintiffs into paying the unjust amount and to cover up the fact that the defendant was indebted to the plaintiffs in the sum of $89.00; the petition further sets out that on five other dates defendant issued a citation for the plaintiff, William Lynam, to appear in court to show cause why he should not pay the unjust amount as alleged in the petition; that during this time, the defendant Finance Company harrassed the plaintiffs at various places to collect the unjust amount, the plaintiff, William Lynam, having on September 16, 1941, a physical collapse; that on October 16, the defendant sent their operator to prosecute plaintiffs while plaintiff, William Lynam, was bedfast, all to the damage of $10,089, for which amount plaintiffs pray judgment.

To this petition the defendant filed a demurrer for the reason that the petition did not set forth facts sufficient to constitute a cause of action. The court found the demurrer well taken and sustained the same, to which ruling of the court the plaintiffs excepted.

Thereupon plaintiffs gave notice of appeal to this court from the judgment sustaining the demurrer to plaintiffs' petition, said appeal being on questions of law.

The alleged error is confined to the single assignment that the trial court erred in sustaining the demurrer filed by the defendant on January 28, 1942.

Section 12223-2 GC describes a final order to the effect that it is an order affecting a substantial right in an action, when in effect it determines the action and prevents a judgment, and that the same may be reviewed, affirmed, modified or reversed as provided in the chapter.

Section 12223-3 GC provides that every final order may be reviewed as provided by law.

An order of the court sustaining a general demurrer is not a final order, as it does not determine the action or prevent a judgment, as the pleading held to be demurrable may be amended.

Guarantee Finance Company v. Russell, 25 Abs 482, decided by this court, opinion by the court, is determinative of the question raised in the instant case. As stated in the reported case: "We cannot entertain an appeal unless there is a final order in the court below." While the instant case is not before us, we venture the opinion that there was no error in sustaining the demurrer. Counsel may govern their future action in view of this expression on our part. Appeal dismissed.

BARNES, P. J., and HORNBECK, J., concur.