**SUITER, Plaintiff-Appellee v. SUITER et, Defendants-Appellants.**

Ohio Appeals, Second District, Franklin County.

No. 3667. Decided February 18, 1944.

Waymon B. McLeskey, Columbus, for plaintiff-appellee.
Hamilton & Kramer, Columbus, for defendants-appellants.

## OPINION

By HORNBECK, J.

This is an appeal on questions of law from a judgment dismissing the amended petition of defendant-appellant, Francis H. McFarland, after the Court had sustained a demurrer to said amended petition.

Four errors are assigned which may be epitomized as, error in the sustaining of the demurrer to the petition of defendant-appellant, McFarland, and error in sustaining the demurrer to the amended petition of said defendant-appellant.

The first error assigned is not well made for two reasons: (1), It is not the subject of appeal in the notice filed by defendant; (2), The sustaining of the demurrer to the petition was not a final order because defendant elected to plead further and no judgment was entered against him in the entry journalizing the sustaining of the demurrer.

Holbrook v Connolly, 6 Oh St 199.

Krauser v Stichtenoth, 15 O. C. C., 199.

National Guarantee & Finance Co. v Russell et, 25 Abs 483.

Hendrickson et, v Galbreath et, 27 Abs 422.

Robbins et v City National Bank & Trust Co., 29 Abs 467.

Liesman, Admrx. v Brookville, 32 Abs 343.

Davies, etc. v Columbia Gas & Elec. Corp., et, 34 Abs 473.

The fact pattern and questions of law presented by the second assignment of error on this appeal are unusual. The action was instituted by petition filed by defendant, McFarland, to vacate a divorce decree granted to plaintiff from her husband, Ellis Suiter, on September 20, 1921, to which original action the defendant, McFarland, was not a party. His petition to vacate was filed June 2, 1942, and the amended petition filed June 5, 1943.

Defendant's petition, in part, alleges that the plaintiff was married to Ellis Suiter on June 14, 1915, and married the defendant, McFarland, on December 1, 1917, at which time she represented to the defendant that she was an unmarried woman, whereas, in truth and in fact, she was still married to Ellis Suiter; that on August 1, 1921, plaintiff filed her petition

for divorce in the Common Pleas Court, Franklin County, Ohio, in which she made affidavit that she had been continuously for more than three years last past a bona fide resident of Columbus, Franklin County, Ohio; that said allegation was false and untrue and plaintiff was a resident of the state of Pennsylvania and had at no time been a bona fide resident of Columbus; that on September 30, 1921, said Court not knowing the true facts and being misled and deceived by the false and untrue allegations of said petition and the evidence offered in support thereof, rendered a decree of divorce to said plaintiff from said defendant based upon the false and perjured allegations of the testimony of plaintiff and others. The petition alleges that said decree of divorce is void and should be vacated and set aside and the petition dismissed because of the fraud practiced by the plaintiff upon said Common Pleas Court, and for the further reason that said Court had no jurisdiction over the persons of the parties nor of the subject matter nor to hear and determine said cause or to render final decree.

The trial Judge sustained the demurrer for the reason that defendant, McFarland, was a stranger to the divorce action and had no standing as a party to seek the action of the Court in vacating the divorce decree.

After the demurrer to the petition had been filed defendant filed an amended petition wherein he alleged, that he did not become aware of the divorce proceedings between the plaintiff and her former husband until November 1, 1941, that "on October 1, 1921, said Florence Fricker Suiter persuaded and induced this party defendant to go through another alleged marriage ceremony at Wellsburg, West Virginia, under the pretense that they would make a completely fresh start", to which amended petition the second demurrer was filed and sustained.

The briefs are voluminous and discuss many aspects of the law related to the questions presented by the appeal. The appellee's brief presents a keen and scholarly analysis of all phases of the questions presented and upon the substantive question arranges his argument under several headings, as follows:

A. Divorce decree not subject to attack by anybody.

B. If decree subject to attack, it cannot be done by defendant, McFarland.

C. If defendant can attack this judgment, his petition is insufficient for that purpose.

D.  The claim of defendant is barred by the statute of limitations.

E.  Defendant has not sought equitable relief.

F.  If defendant had sought equitable relief it would not have availed him anything.

G.  The mischief of endless litigation.

H.  This court is not concerned with the evidence on the merits.

All of these propositions are fully and ably briefed. Appellant's brief likewise is comprehensive and, in the main, is devoted to the claim that he is a proper party to invoke the proceeding to vacate the divorce decree and that the petition states a cause of action because it pleads facts which, if true, establish that the Court which granted the decree of divorce to the plaintiff was without jurisdiction either of the parties or of the subject matter.  We briefly advert to some of the propositions presented by the appeal although not in the order set forth in the briefs.

E.  Defendant has not sought equitable relief.

This conclusion, in our judgment, is sound.  The proceeding here is statutory and based upon our sections of the Code relating to relief after judgment, particularly Parts 4 and 10, §11631 GC, although as to Part 10 the allegations of the amended petition are insufficient because there is no averment that plaintiff has been convicted of the perjury charged.

D.  The claim of defendant is barred by the statute of limitations.

The proceeding is not barred by any statute of limitations because of the averment in the amended petition that defendant did not become aware of the divorce proceedings until November, 1941.  Obviously, if the defendant did not know of his rights until the time set forth, then the amended petition does not affirmatively disclose the bar of the statute, although it is difficult to reconcile the averment that the defendant, McFarland, knew nothing of the divorce proceedings until November, 1941, with his further statement that on October 1, 1921, one day after the divorce decree, plaintiff persuaded him to go through another alleged marriage ceremony, (the second) at Wellsburg, West Virginia, etc.

We do not consider nor discuss the question whether or not the divorce decree here under consideration may not be attacked by anybody, nor the purely jurisdictional question, for the reason that, at this time, there is pending in this Court on

appeal a case wherein both of these questions are presented for determination. At the time that this latter appeal was argued orally, it was agreed by counsel and the Court that the decision in this Court would be withheld until the Supreme Court had passed upon the case of Slapp v Slapp, No. 29655, which is now pending* in that Court and which it is agreed will be dispositive of that appeal. This decision will be germane to the jurisdictional question presented on this appeal.

We, therefore, confine this decision to the one question, namely, is the defendant, McFarland, a proper party to the proceeding wherein he seeks to set aside the divorce decree granted to the plaintiff in 1921. We are satisfied that he is not such proper party and that he is a stranger to the record in the divorce case.

At the outset it will be observed that the original action was in divorce wherein the wife sued the husband for dissolution of the marital union. Upon the face of the proceedings and upon the judgment entry the proceedings are regular and all essentials of jurisdiction of parties and subject matter appear. No property rights were involved, nor does the decree do more than to dissolve the marital relation and divorce the parties thereto. The divorce action in its nature is personal. There is nothing in the divorce proceedings nor in the defendant, McFarland's petition which would give application to the doctrine of privity of title. The defendant-appellant had no right which he could have asserted at the time of the decree, nor did he then, has he since, nor does he now, stand in the relation of either the plaintiff or the defendant in the original action nor has he succeeded to the rights of either. On October 1, 1921, he married the plaintiff for the second time when, if the divorce decree was valid, they assumed the marital status. As a result of this status he had no interest adverse to the plaintiff. This status, which it must be assumed he then desired to exist and acted upon, could only be maintained if the divorce decree was supported. In so far as the amended petition discloses there was no change in defendant, McFarland's relationship to his wife, the plaintiff in the divorce suit, until, as appears in his affidavit, in support of his motion to vacate the decree, it is stated that he was separated from his wife on numerous occasions and that "in November, 1941, he was brought to Pittsburgh, Pa., on the charge

*Affirmed in 143 Oh St 105, Oh Bar 4-3-44.

of wife abandonment which charge was on the instigation of Florence Suiter McFarland". The information which we have taken from the affidavit, of course, may not properly be considered in testing the amended petition on demurrer but the factual ·development therein set forth is illustrative of the adverse ·interest which the facts would develop between defendant, McFarland, and the plaintiff. This is not the type of adverse interest which is contemplated in making one, other than the original parties, a necessary or proper party to this suit.

It is a well recognized rule that third parties who are not parties or privies to the original litigation may not make a direct attack on a judgment either at law or in equity. 1 Freeman on Judgments, 5th Ed., pp. 521, 528, 636, 637, 639, and this principle is given full application to divorce decrees.

The subject is fully annotated in a note to Kirby v Kent, (Miss.) 99 A. L. R. 1309, wherein the annotator states the general rule to be in divorce cases:

· "That strangers to the record have no standing on which to base an application to vacate a judgment."

Citing 9 R. C. L. 455, and cases from six states and England in support of the rule, and, although there are some contrary decisions cited, they are based upon the proposition, that the parties were not strangers to the judgment sought to be set aside because privies to one of the original parties, or rights of heirship or paternity were involved. 17 Am. Jur. 390; 27 C. J. S. 813.

The following cases support the proposition that the appellant is a stranger to the divorce proceeding: Tyler v Aspinwall (Conn.) 54 L. R. A. 758; Brokaw v Brokaw, 192 N. E. 728; State, ex rel. Breuner v Superior Court, etc., (Wash.), 7 P. (2d) 605.

In Kinnier v Kinnier, 45 N. Y. 535, it was held that,

"Where the former husband of the defendant, a resident of Massachusetts, went to Illinois expressly to procure a divorce from her, commenced action there in the proper court for that purpose, and she having appeared and permitted, by collusion with him a decree of divorce to be granted against her, subsequently married the plaintiff here.—Held, in an action here, brought to annul the last marriage on the ground

of the defendant's former marriage being still in force, that a complaint stating the above facts was insufficient, and a demurrer thereto must be sustained."

Appellant urges that this case may not be given application because it was an independent proceeding, whereas here it is brought in the same action. The authority has application because of the principle involved, the defendant's rights here being predicated largely upon the same statement of facts as those found in the cited case.

To like effect is Ruger v Heckel, 85 N. Y. 483, which has application, not because it is like the instant case in all particulars, but because of the basis of the judgment found in the opinion of the Court at page 484. It is true that, as a premise to the judgment rendered in Ruger v Heckel, the Court found that the Court which granted the divorce decree had jurisdiction of the parties and the subject matter. In Hall v Hall, 123 N. Y. S. 1056, syllabus 10, it is held,

"Since a stranger to a judgment can impeach it collaterally for fraud only when it injuriously affects him where a man married a woman with knowledge that she had a former husband, and believed that she had obtained a divorce from him, the fact that the divorce was voidable on the ground of her fraud did not authorize him to sue to annul the marriage unless after the former husband had avoided the divorce for fraud."

In Sorensen v Sorensen, 220 N. Y. S., 242, it was held that plaintiff who lived with his wife for twenty-one years with full knowledge of her divorce decree, could not attack its validity on jurisdictional grounds. At page 246 of the opinion it is said that the holding against the plaintiff

"does not proceed upon the theory of estoppel, but **upon the ground that the attack on the decree must be made by the parties to it,** and cannot be made by the plaintiff, a second husband, claiming such decree, of which he had full cognizance, to be invalid." (Emphasis ours.)

One of the latest cases on the subject is Thomas v Lambert, 1 S. E. (2d), 443, which holds that,

"A person not party to divorce decree and not in relation to either of parties as to property rights involved is not entitled to make direct attack on decree in divorce case itself or by independent equity suit in same court, where decree is not void on its face."

This is a well considered opinion touching many phases of this case which, in its entirety, can be profitably read. Many other cases are cited, but we make no further reference to them.

We do not consider at length other cases cited or discussed by appellant because they are so interrelated to the jurisdictional question, which we do not pass upon, as to make it almost impossible to discuss them without expressing an opinion on the jurisdictional phase of the case. We are cited particularly to the second syllabus in Smith v Smith, opinion by Judge Bell now of the Supreme Court,

"Where a court has no jurisdiction of the parties or the subject matter, a judgment may be directly or collaterally attacked at any time or place by anyone affected thereby."

This pronouncement is, by reason of the eminence of the writer of the opinion entitled to much weight. The syllabus is taken from an expression found in the opinion. The qualification which distinguishes the application of the pronouncement to this case is the language "by anyone affected thereby", which must be construed as "affected" within the application of legal principles.

We hold that in this case even though the Court had no jurisdiction to grant the decree which, of course, is not decided, the defendant-appellant did not stand in such relationship to the original suit as to be a proper party to institute the proceeding to set aside and vacate the decree. If the decree is void because granted without jurisdiction of the parties or of the subject-matter, then in any proceeding to which the defendant-appellant is a proper party, the invalidity of the decree may be asserted or it may be disregarded altogether because it is without effect in law.

The judgment will be affirmed.

BARNES, P. J., and GEIGER, J., concur.