BAKER et, Plaintiffs-Appellants, v. MOHLER et, Defendants-Appellees.

Ohio Appeals, Second District, Montgomery County.

No. 2154. Decided April 22, 1952.

George F. Holland, Dayton, for plaintiffs-appellants
Nolan & Boesch, Dayton, for defendants-appellees.

## OPINION

By THE COURT:

This is an appeal from an order of the Common Pleas Court sustaining a demurrer to plaintiffs' petition.

The demurrer was upon one of the statutory grounds of §11309 GC:

"That it appears upon the face of the petition that there is another action pending between the parties hereto for the same cause."

The entry from which the appeal is prosecuted recites only that the Court sustains the demurrer. There is no election to plead further nor is there any dismissal of plaintiffs' petition. There is, then no final order or judgment from which an appeal can be prosecuted. **Holbrook v. Connely, 6 Oh St 199; Hendrickson et al v. Galbreath, 27 Abs 422; Lyman v. Welfare Finance Corp., 39 Abs 55; Davis v. Columbia Gas & Electric Corp., 34 Abs 473; Liesman, Admr. v. Brookville, 32 Abs 343; Robbins, et al v. City National Bank & Trust Co., 29 Abs 647.**

The Court, therefore, on its own motion, dismisses the appeal.

For the benefit of counsel although what we say is purely obiter dictum, it is our judgment that the demurrer was properly sustained. There are some technical aspects of the ground of the demurrer as related to the facts pleaded which makes the question somewhat difficult. However, it is apparent that the parties in the instant action are the same as in the former action and it is also patent that if the plaintiffs are entitled to the relief sought they can assert their right and receive their remedy in the action on the note and to foreclose.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.

## ON ENTRY OF DISMISSAL FOLLOWING APPEAL

No. 2154. Decided May 3, 1952.

### OPINION

By THE COURT:

Our attention is directed to an entry of dismissal in this case following the first notice of appeal. This is a final order which requires an adjudication of the error assigned.

We expressed our opinion on the question presented in our former decision which we now adopt. No error to the prejudice of appellant was committed by the sustaining of the demurrer to plaintiff's petition.

The judgment will be affirmed.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.

## ON APPLICATION FOR REHEARING

No. 2154. Decided May 29, 1952.

## OPINION

By THE COURT:

Submitted on application of appellants for rehearing on our opinion affirming the action of the Common Pleas Court in sustaining a demurrer to plaintiff-appellants' petition.

The ground of the demurrer is that:

"It appears upon the face of the petition that there is another action pending between the parties hereto for the same cause." (Emphasis ours.)

Appellants rely heavily upon **Allen v. Streithorst, 87 Oh Ap 292,** affirmed in **154 Oh St 283.** The facts in this case do not parallel those in the instant case nor is the question of law identical. In the cited case, the question presented required a construction of §11631 and §11635 GC and whether or not they contemplate that an action to set aside a judgment after term must be instituted by petition in the same action in which the judgment was entered. The Court of Appeals of Hamilton County certified the Allen v. Streithorst case to the Supreme Court as being in conflict with **Schedenhelm v. Myers, 77 Oh Ap 385;** 68 N. E. (2d) 331, Seneca County and **Terry v. Claypool, 77 Oh Ap 77;** 65 N. E. (2d) 883, Hancock County. In these two conflict cases, the Appellate Courts had held that the Common Pleas Courts were without jurisdiction to consider and determine the petitions to vacate the judgments. The petitions had been filed in proceedings separate from the actions in which the judgments were pronounced. The Su-

preme Court rejected the jurisdictional contention and held that the action could be filed either as a petition in the original suit or by an independent proceeding. It should be observed that the Court was construing special statutory proceedings designed solely to vacate a judgment and to secure a new trial after term.

The action here is not at law to vacate a judgment which vacation has been accomplished by its reversal but in equity to set aside a sale of real estate. The demurrer does not challenge the jurisdiction of the Common Pleas Court to grant the relief prayed.

The question which bothers us now and concerned us when we wrote our first opinion in the case is not that which was presented in Allen v. Streithorst but the application of the language of §11309 (4) GC, setting forth the ground of demurrer which has been interposed. Allen v. Streithorst did not hold that there were two causes of action available to the petitioner but that one cause of action at law could be instituted in either of two proceedings. To that extent the cited case is helpful. At the time the Common Pleas Judge passed upon this demurrer he did not have available the opinion and judgment of the Supreme Court in Allen v. Streithorst and may have relied, in part, at least on the conflict cases.

As we view this demurrer the decisive language is that which we have underscored, namely; is plaintiffs action in the Common Pleas Court one pending between the parties for the same cause as the cause at issue in the original action for judgment and foreclosure?

Upon further consideration, we have concluded that it is not the same cause. Clearly, the parties are the same but unless and until the defendants in the original case, the plaintiffs here, raise the issue asserted in their action to set aside the sale that cause of action would not be involved. We are clearly of the opinion, as heretofore indicated, that the plaintiffs could assert their claim of right to set aside the sale in the original proceedings and it would seem the practical and feasible thing to do. But they may not be compelled to do so.

If they have the right to institute their action by separate suit, then, the demurrer was improperly sustained.

The action to set aside the sale is of equitable nature different from any cause of action involved in the original suit when the demurrer was filed, and for that reason the ground of the demurrer is not well taken.

We grant the rehearing and reverse the judgment for the

reason that the demurrer to the petition was improperly sustained.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.