OPINION
{¶ 1} Although originally placed on our accelerated calendar, we have elected, pursuant to Local Rule 12(5), to issue a full opinion in lieu of a judgment entry. Defendant-Appellant Lewis F. Rohda, Jr. ("Rohda") appeals from the September 7, 2007 Nunc Pro Tunc Judgment Entry of the Court of Common Pleas, Henry County, Ohio.
 {¶ 2} On July 15, 1998 the trial court conducted Rohda's sentencing hearing wherein the court noted that it had found Rohda guilty of operating under the influence of alcohol, a felony of the fourth degree in violation of R.C. 4511.19(A)(1). This incident was Rohda's fourth conviction for operating under the influence within the last six years and his first felony conviction for operating under the influence of alcohol. "This offense is punishable by `a mandatory term of local incarceration of sixty days' pursuant to R.C. 2929.13(G)(1), and `a community residential sanction or combination of community residential sanctions" under R.C. 2929.16(A).'" (See State v. Rohda, 3rd Dist. No. 7-99-03, 1999-Ohio-886).
 {¶ 3} On August 10, 1998 the trial court issued a Judgment Entry wherein the court ordered, in relevant part, as follows:
 . . . that the defendant be sentenced to a period of five (5) years of Community Control upon the standard terms and conditions of the Henry County Adult Probation . . . *Page 3 It is further ORDERED that the defendant serve the first six (6) months of his Community Control in the Correctional Center Northwest Ohio and that he be entitled to an aggregate total of one hundred seventeen (117) days jail time credit towards the sentence imposed in this case; . . . that upon serving the six (6) months in the Correctional Center Northwest Ohio, he shall successfully complete the W.O.R.T.H. program; that he be subject to random drug and alcohol testing. . .; that he comply with any aftercare required by W.O.R.T.H.; . . . that he enter no establishment where beer or liquor is sold by the glass; . . . that his driving rights be permanently revoked; . . .
 * * *
 It is further ORDERED that if the defendant violates the terms of his Community Control, that he be ordered to serve eighteen (18) months in the Ohio Department of Rehabilitation and Correction, Correctional Reception Center, Orient, Ohio.
 {¶ 4} On December 27, 1998 Rohda was successfully discharged from the W.O.R.T.H. Center after serving 130 days incarcerated therein.[1]
 {¶ 5} On January 8, 1999 the State filed a motion to revoke Rohda's community control based upon events occurring on January 1, 1999 wherein the State alleged that Rohda violated four conditions of his community control. On February 18, 1999 the trial court conducted a hearing on the State's motion to revoke community control. Rohda admitted the violations contained in paragraphs two, three, and four of the State's motion, and the court found Rohda guilty of *Page 4 
violating these terms and conditions of his probation. The State withdrew the allegation set forth as violation one and the court ordered violation one withdrawn.
 {¶ 6} On February 24, 1999 the trial court issued a Judgment Entry wherein the court ordered, in relevant part, as follows:
 It is, therefore, ORDERED that the Community Control previously granted to the defendant be revoked and that the original sentences (sic) of eighteen (18) months in the Ohio Department of Rehabilitation and Correction . . . to be imposed and that he pay the costs of this proceeding.
 * * *
 The Court further finds that the defendant is entitled to an aggregate total of one hundred ninety four (194) days jail time credit towards the sentence imposed in this case.
 The Court further grants to defendant's counsel the right to raise the issue of credit for time served at the W.O.R.T.H. Center by motion or other pleading within thirty (30) days of the date of this hearing.
 {¶ 7} On April 14, 1999 Rohda filed a memorandum with the trial court, requesting that the court grant him credit for time served at the W.O.R.T.H. Center. On April 30, 1999 the trial court issued a Judgment Entry denying Rohda's request for credit for time served. Rohda filed a timely notice of appeal of the April 30, 1999 Judgment Entry alleging that the trial court erred in denying his motion for credit for time served.
 {¶ 8} On September 29, 1999 this court determined that the trial court was not authorized by statute to impose a prison sentence on Rohda for his violation of community control for the reason that R.C.2929.13(G)(1) provides that those *Page 5 
offenders, such as Rohda, who do not satisfy the criteria in R.C.2929.13(G)(2), are not to be sentenced to a prison term. Accordingly, we determined that because Rohda could not be sentenced to prison as a punishment for his operating under the influence offense, the trial court's subsequent judgment imposing a term of 18 months was without statutory support and constituted plain error. Therefore, we determined that Rohda's sentence for his community control violation was void and we remanded this matter to the trial court. See State v. Rohda, 3rd Dist. No. 7-99-03, 1999-Ohio-886.
 {¶ 9} On November 12, 1999 the trial court conducted Rohda's re-sentencing hearing and issued a Judgment Entry wherein the trial court ordered, in relevant part, as follows: "[t]he defendant has served the maximum term available for this offense. It is, therefore, ORDERED that the defendant is sentenced to time served and discharged. It is, therefore, ORDERED that the defendant's bond is released."
 {¶ 10} On September 7, 2007 the trial court issued a Nunc Pro Tunc Judgment Entry wherein the trial court stated as follows: "[t]he Court desires to clarify its previous Orders in this case and therefore ORDERS that the previous Order of this Court permanently revoking the Defendant's driving rights shall be and remain in full force and effect."[2] *Page 6 
 {¶ 11} Rohda now appeals, asserting one assignment of error.
 ASSIGNMENT OF ERROR THE TRIAL COURT ERRED IN ITS MISAPPLICATION OF STATE LAW THAT LEAD (SIC) TO DEPRIVATIONS OF APPELLANT'S LIBERTY INTEREST. TO IMPOSE FURTHER COMMUNITY CONTROL SANCTIONS PUNISHES APPELLANT BEYOND THE LIMITS ESTABLISHED BY OHIO LAW AND VIOLATES HIS RIGHTS UNDER SECTION 9, ARTICLE 1, OF THE OHIO CONSTITUTION. FURTHER, THAT WOULD ALSO VIOLATE APPELLANT'S RIGHTS UNDER THE FIFTH, EIGHTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
 {¶ 12} In his sole assignment of error, Rohda alleges that the trial court erred in imposing community control sanctions which violated his constitutional rights. Specifically, Rohda alleges that he "has not been pardoned and that there are some collateral consequences of his conviction still remaining."
 {¶ 13} Prior to addressing the merits of Rohda's assignment of error, we must first address the nature of this appeal. As a preliminary matter, we note that Rohda's assignment of error appears directed to the merits of the trial court's August 10, 1998 Judgment Entry and not to the court's September 7, 2007 Judgment Entry. An assignment of error must relate to the order or judgment *Page 7 
which is the subject of the notice of appeal. See Johnson v. Brown, 101 N.E.2d 11, 60 Ohio L.Abs. 195 (Ct.App. 2d Franklin Co. 1949); Suiter v.Suiter, 74 Ohio App. 44, 57 N.E.2d 616 (2nd Dist. Franklin Co. 1944).
 {¶ 14} In the present appeal, Rohda argues that the trial court erred when sentencing him to community control for his conviction of driving under the influence. Specifically, Rohda argues that the trial court violated his due process rights by failing to comply with the requisite sentencing statutes requiring a trial court to make specific findings before sentencing a first time felony offender to the maximum sentence allowable for the crime at issue.
 {¶ 15} Generally, there are two avenues through which a defendant may challenge a judgment of conviction or sentence. State v. Caldwell, 3rd Dist. No. 11-05-07, 2005-Ohio-5375. First, a defendant may file a direct appeal within 30 days of the judgment entry of conviction or sentencing. See App.R. 4(A). Second, a defendant may file a petition for post-conviction relief pursuant to R.C. 2953.21.
 {¶ 16} The record reflects that on August 10, 1998 the trial court sentenced Rohda to a period of five years community control for his conviction of driving under the influence of alcohol. This Judgment Entry also contained the specific *Page 8 
terms and conditions of Rohda's community control. However, the record reflects that Rohda never filed a direct appeal of this sentence pursuant to App.R. 4(A).
 {¶ 17} Additionally, we note that our September 29, 1999 opinion only determined that the trial court was not authorized by statute to impose a prison sentence on Rohda for his community control violation.State v. Rohda, 3rd Dist. No. 7-99-03, 1999-Ohio-886. In determining that Rohda's sentence for his community control violation was void and remanding this matter to the trial court for re-sentencing, we did not address the original sentence of community control imposed for Rohda's conviction of driving under the influence, nor did we address the specific terms and conditions of his community control as that sentence was not properly before us on appeal. Accordingly, contrary to Rohda's assertions, this court's September 29, 1999 opinion never voided Rohda's original sentence of five years community control nor did it void any of the terms of his community control, or the permanent revocation of Rohda's driver's license.
 {¶ 18} In sum, Rohda's appeal is based on the mistaken belief that his entire original sentence, including the license revocation, was vacated and voided by the prior decision of this court and that the license revocation was then re-imposed anew in the trial court's Nunc Pro Tunc Judgment Entry of September 7, 2007. In reality, this court's decision reversed as void only the trial court's imposition of a prison sentence for the community control violation, all of which occurred well *Page 9 
after the original sentencing. The license revocation ordered by the trial court as part of Rohda's original sentence has never been reversed or voided by this court. As such, the trial court's Nun Pro Tunc Judgment Entry of September 7, 2007, now appealed by Rohda, has no impact on this case other than to reiterate and perhaps clarify to Rohda that the original license revocation previously ordered by the trial court remains in effect.
{¶ l9} Based on the foregoing, Rohda's sole assignment of error is overruled. The September 7, 2007 Nunc Pro Tunc Judgment Entry of the Henry County Court of Common Pleas is affirmed.
Judgment affirmed.
 PRESTON and ROGERS, JJ., concur.
[1] "Although the record is not clear on this issue, it appears that Rohda served an additional 77 days in the Correctional Center of Northwest Ohio, after sentencing, pursuant to the sentence imposed. Consequently, Rohda served a total of 324 days of confinement on the charge of driving under the influence." State v. Rohda, 3rd Dist. No. 7-99-03, 1999-Ohio-886.
[2] We note that over seven years elapsed between the trial court's November 12, 1999 Judgment Entry (on re-sentencing) and trial court's September 7, 2007 Nunc Pro Tunc Judgment Entry. However, while not properly before us, it appears that Rohda may have corresponded with the Henry County Clerk of Courts on April 24, 2007 regarding the court's August 10, 1998 Judgment Entry and November 12, 1999 Judgment Entry as these related to the revocation of his driving rights. (See Exhibit C attached to Rohda's brief). Additionally, although not properly before us, it appears that the trial court may have corresponded with Rohda in a letter dated September 7, 2007 wherein the court appears to advise Rohda that the only portion of the court's Sentencing Order affected by the Court of Appeals decision concerned his jail time served and that the permanent revocation of his driving rights remained in full force and effect. (See Exhibit D attached to Rohda's brief). Taken together, these exhibits appear to explain the entry of the Nunc Pro Tunc Judgment Entry. *Page 1