[Cite as *Pla v. Cleveland State Univ.*, 2017-Ohio-8149.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Maria Pla, | : | |
| Plaintiff-Appellant, | : | No. 17AP-212 (Ct. of Cl. No. 2014-00918) |
| v. | : | (ACCELERATED CALENDAR) |
| Cleveland State University, | : | |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on October 10, 2017

**On brief:** *Caryn Groedel & Associates Co., LPA, Caryn M. Groedel,* and *Tiffany C. Fischbach*, for appellant. **Argued:** *Caryn M. Groedel.*

**On brief:** *Michael DeWine,* Attorney General*, Damian W. Sikora,* and *Nicole M. Koppitch,* for appellee. **Argued:** *Nicole M. Koppitch.*

APPEAL from the Court of Claims of Ohio

LUPER SCHUSTER, J.

{¶ 1} Plaintiff-appellant, Maria Pla, appeals from a judgment of the Court of Claims of Ohio denying her motion for sanctions against defendant-appellee, Cleveland State University ("Cleveland State"), and Cleveland State's trial counsel. For the following reasons, we affirm.

## I. Factual and Procedural Background

{¶ 2} In November 2014, Pla sued Cleveland State for age discrimination after her employment was terminated earlier that year. The case proceeded to a bench trial in March 2016. On April 12, 2016, the trial court rendered judgment in favor of Cleveland State based on its finding that Pla failed to demonstrate that Cleveland State terminated

her employment because of her age. Pla appealed the trial court's judgment, arguing the trial court applied the wrong legal standard to her age discrimination claim. In December 2016, this court rejected Pla's assertion that the trial court applied the wrong legal standard and therefore affirmed the trial court's judgment. *Pla v. Cleveland State Univ.*, 10th Dist. No. 16AP-366, 2016-Ohio-8165.

{¶ 3}   After trial, but before the trial court rendered its judgment, Pla filed a motion for sanctions against Cleveland State and its trial counsel, for "their dishonesty, abusive discovery tactics, withholding of evidence, and suborning of perjury." (Mar. 31, 2016 Pl.'s Mot. for Sanctions at 1.)   The trial court originally scheduled the hearing on Pla's motion for sanctions for May 5, 2016. At Pla's request, the hearing was rescheduled. After consulting with counsel for both parties regarding availability, the trial court rescheduled the hearing for July 27, 2016, at 1:00 p.m. Pla's counsel failed to timely appear for the hearing. After Pla's counsel failed to appear by 1:15 p.m., the trial court terminated the hearing and dismissed Pla's motion for sanctions without prejudice. In September 2016, Pla filed a motion for leave to refile her motion for sanctions, attaching an affidavit of her counsel averring that counsel's failure to timely appear was the result of an inadvertent calendaring mistake.

{¶ 4}   On October 13, 2016, the trial court conditionally granted Pla's motion for leave to refile her motion for sanctions. The granting of the motion was contingent on Pla paying Cleveland State's attorney fees related to its defense of the motion for sanctions. The next week, Cleveland State submitted documentation indicating its attorney fees related to its defense of the motion for sanctions was $13,256.25. A few days later, Pla requested that the trial court reconsider its entry conditionally granting her motion for leave to refile the motion for sanctions. Pla argued in part that requiring her to pay all of Cleveland State's attorney fees related to the defense of the motion for sanctions was unduly harsh and unreasonable.

{¶ 5}   In November 2016, the trial court modified its previous order and reduced the attorney fees Pla needed to pay, in order to refile her motion for sanctions, to $875, the portion of attorney fees related specifically to Cleveland State's counsel's preparation for, and appearance at, the July 27, 2016 hearing. Pla paid the $875 and then filed a notice of appeal from the trial court's November 2016 entry conditionally granting her

motion for leave. In January 2017, this court dismissed the appeal because the appealed order did not constitute a final order for the purpose of R.C. 2505.02.

{¶ 6} Upon receiving notice that Pla had paid the $875, the trial court rescheduled the hearing on her motion for sanctions for January 18, 2017. At the January 2017 hearing, counsel for both parties presented arguments regarding the motion, but no additional evidence was submitted. On February 21, 2017, the trial court filed an entry denying Pla's motion. In March 2017, Pla filed a notice of appeal stating that she "appeals * * * from the judgment entered in this case on February 21, 2017." (Mar. 20, 2017 Notice of Appeal.) No other trial court order is referenced in the March 2017 notice of appeal.

## II. Assignments of Error

{¶ 7} Pla assigns the following errors for our review:

[1.] The trial court erred in sanctioning Pla's counsel without a hearing and/or an express finding of frivolous conduct or bad faith.

[2.] The trial court erred in sanctioning Pla's counsel for inadvertently being 20 minutes late to a sanctions hearing scheduled to determine sanctions against CSU and/or its counsel.

[3.] The trial court erred in overruling Pla's Motion for Sanctions in light of the overwhelming evidence of CSU's and its counsel's bad faith, frivolous conduct, and deliberate misrepresentations.

## III. Discussion

### A. First and Second Assignments of Error

{¶ 8} Pla's first and second assignments of error challenge the trial court's decision to require her to pay $875 in attorney fees for her counsel's failure to timely appear at the sanctions hearing in July 2016, and to impose that sanction without first holding a hearing and expressly finding her counsel had deliberately engaged in misconduct.

{¶ 9} Before addressing the merits of Pla's first and second assignments of error, we must first address whether we have jurisdiction to consider these assignments of error. Cleveland State argues that these assignments of error are not properly before this court

because Pla's March 2017 notice of appeal does not indicate that she seeks to appeal from the trial court's November 4, 2016 order granting her request to refile her motion for sanctions on the condition she pay $875 in attorney fees. We are unpersuaded by Cleveland State's argument.

{¶ 10} "An appeal as of right shall be taken by filing a notice of appeal with the clerk of the trial court within the time allowed by [App.R.] 4." App.R. 3(A). App.R. 3(D) provides in part that the "notice of appeal shall specify the party or parties taking the appeal; shall designate the judgment, order or part thereof appealed from; and shall name the court to which the appeal is taken." Further, Ohio appellate courts have jurisdiction to review only final appealable orders of lower courts within their districts. Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2501.02.

{¶ 11} In support of its argument that the November 4, 2016 order is not properly before this court because Pla's March 2017 notice of appeal does not make any reference to that order, Cleveland State cites *Atkinson v. Dick Masheter Leasing II, Inc.*, 10th Dist. No. 01AP-1016, 2002-Ohio-4299, ¶ 27. In *Atkinson*, this court determined that the trial court's May 2001 order denying a motion to dismiss a counterclaim was not properly before this court because the notice of appeal "was, by its own terms, confined to" the August 2001 entry denying the appellant's motion to stay pending arbitration. *Id.* at ¶ 27. Cleveland State also cites *Suiter v. Suiter*, 74 Ohio App. 44 (10th Dist.1944), wherein this court stated that the "first error assigned is not well made" because it "is not the subject of appeal in the notice filed by" the appellant. *Id.* at 45.

{¶ 12} We agree the *Atkinson* and *Suiter* decisions suggest that an appellant's notice of appeal must reference all trial court orders that are the basis of alleged error. However, this court more recently stated that App.R. 3(D) "does not require an appellant to separately identify each interlocutory order issued prior to a final judgment." *533 Short North LLC v. Zwerin*, 10th Dist. No. 14AP-1016, 2015-Ohio-4040, ¶ 52, citing *Beatley v. Knisley*, 183 Ohio App.3d 356, 2009-Ohio-2229 (10th Dist.). Thus, the more recent binding precedent of our court provides that interlocutory orders merge with the final judgment, and that an appellant who appeals from a final judgment may challenge the final judgment and all interlocutory orders merged with it. *Id.*, citing *Shaffer v. OhioHealth Corp.*, 10th Dist. No. 04AP-236, 2004-Ohio-6523.

{¶ 13} Here, the trial court's order granting Pla's motion to refile her motion for sanctions on the condition that she pay $875 in attorney fees was an interlocutory order. Pla could only challenge that order in an appeal once the trial court filed its entry denying her motion for sanctions, and it was unnecessary for her to identify that order in her notice of appeal in order to challenge it in this appeal. Thus, the trial court's decision regarding Pla's request to refile her motion is properly before this court.

{¶ 14} Turning to the merits of Pla's appeal, we are unpersuaded by her argument that the trial court erred in imposing the $875 sanction without first holding a hearing and making an attorney misconduct finding. A trial court has the inherent power to do all things necessary to the administration of justice and to protect its own powers, process, and the rights of those who invoke its process. *State ex rel. Pfeiffer v. Common Pleas Court*, 13 Ohio St.2d 133 (1968), paragraph one of the syllabus; *see Brisco v. U.S. Restoration & Remodeling, Inc.*, 10th Dist. No. 14AP-533, 2015-Ohio-3567, ¶ 11 (noting that a trial court has the inherent power to manage its own docket). Thus, a trial court has the inherent authority to sanction a party for its attorney's failure to follow the court's orders. *Telecom, Ltd. v. Wisehart & Wisehart, Inc.*, 10th Dist. No. 11AP-1147, 2012-Ohio-4376, ¶ 15. A sanction imposed under a court's inherent authority is reviewed for an abuse of discretion. *Id.* at ¶ 18. An abuse of discretion involves more than an error of law or judgment; it connotes an attitude that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 15} According to Pla, the trial court needed to find that her counsel's failure to timely appear at the July 27, 2016 hearing was done in bad faith, or was otherwise not inadvertent, before it could impose the $875 sanction. We disagree. Even assuming the failure of Pla's counsel to timely appear at the hearing was inadvertent, it was reasonable for the trial court to condition Pla's refiling of the motion on her payment of Cleveland State's expenses directly resulting from her counsel's mistake. It provided Pla with a choice that was appropriate under the circumstances: either do not refile the motion, or pay the $875 and then refile the motion. Furthermore, a hearing on the matter was unnecessary because the record of proceedings and the parties' filings supported the trial court's order.

{¶ 16} For these reasons, we overrule Pla's first and second assignments of error.

**B. Third Assignment of Error**

{¶ 17} In her third assignment of error, Pla contends the trial court erred in overruling her motion for sanctions against Cleveland State and its trial counsel based on their alleged misconduct throughout the underlying case. This assignment of error lacks merit.

{¶ 18} Pla's contention that the trial court should have sanctioned Cleveland State and its trial counsel was primarily premised on the trial court's express authority to sanction under Civ.R. 11 and R.C. 2323.51. Civ.R. 11 provides that the signature of an attorney on a pleading, motion, or other document of a party "constitutes a certificate by the attorney * * * that the attorney * * * has read the document; that to the best of the attorney's * * * knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay." Civ.R. 11. "For a willful violation of this rule, an attorney * * * may be subjected to appropriate action, including an award to the opposing party of expenses and reasonable attorney fees incurred in bringing any motion under this rule." Civ.R. 11. When reviewing an alleged violation of Civ.R. 11, the trial court "must consider whether the attorney signing the document has read the pleading, harbors good grounds to support it to the best of his or her knowledge, information, and belief, and did not file it for purposes of delay." *Bennett v. Martin*, 10th Dist. No. 13AP-99, 2013-Ohio-5445, ¶ 33.

{¶ 19} Pursuant to R.C. 2323.51, a court may "award [ ] court costs, reasonable attorney's fees, and other reasonable expenses incurred in connection with the civil action or appeal * * * to any party to the civil action or appeal who was adversely affected by frivolous conduct." "Frivolous conduct" is defined to include conduct that: (1) serves merely to harass or maliciously injure another party to the civil action; (2) is not warranted under existing law and cannot be supported by a good-faith argument for an extension, modification, or reversal of existing law; (3) consists of allegations or other factual contentions that have no evidentiary support or are not likely to have evidentiary support after a reasonable opportunity for further investigation; (4) or consists of denials that are not warranted by the evidence or are not reasonably based on a lack of information or belief. R.C. 2323.51(A)(2)(a).

{¶ 20} A trial court's decision to grant or deny a request for sanctions pursuant to Civ.R. 11 or R.C. 2323.51 will not be reversed absent a showing that the trial court abused its discretion. *Brust v. Franklin Cty. Sheriff's Office*, 10th Dist. No. 16AP-502, 2016-Ohio-7876, ¶ 9; *Vineyard Christian Fellowship of Columbus v. Anderson*, 10th Dist. No. 15AP-151, 2015-Ohio-5083, ¶ 41 (10th Dist.); *McDermott v. Tweel*, 151 Ohio App.3d 763, 2003-Ohio-885, ¶ 48 (10th Dist.).

{¶ 21} In support of her motion for sanctions, Pla argued that Cleveland State and its trial counsel engaged in misconduct throughout the course of this matter, such as by making misrepresentations and baseless arguments, committing and suborning witness perjury, and frivolously denying certain facts. After granting Pla leave to refile her motion for sanctions, the trial court held a hearing on the motion in January 2017. At the hearing, Pla did not present any new evidence and thus simply relied on the evidence already in the record. After permitting counsel for both sides to orally argue their respective positions regarding the motion, the trial court thoroughly discussed the merits of Pla's motion. In that discussion, the trial court acknowledged that litigation style varies among lawyers, and it expressed dissatisfaction with some of the litigation tactics exhibited during the course of proceedings. However, the trial court ultimately concluded there was no evidence of sanctionable conduct.

{¶ 22} Having presided over the underlying case, the trial court was in the best position to evaluate the alleged misconduct of Cleveland State and its trial counsel and to determine whether Pla had shown that certain conduct of Cleveland State or its trial counsel constituted sanctionable conduct. Furthermore, in evaluating Pla's claims of misconduct, the trial court reasonably accounted for the practical realities of the adversarial process and differing strategic approaches to litigating a case. We have carefully reviewed and considered each allegation of misconduct Pla has levied against Cleveland State and its counsel, and we cannot find that the trial court's decision not to impose sanctions against them was unreasonable, arbitrary, or unconscionable. In sum, based on our review of the record, we conclude that the trial court did not abuse its discretion in denying Pla's motion for sanctions.

{¶ 23} Accordingly, we overrule Pla's third assignment of error.

## IV. Disposition

{¶ 24} Having overruled Pla's first, second, and third assignments of error, we affirm the judgment of the Court of Claims of Ohio.

*Judgment affirmed.*

TYACK, P.J., and BRUNNER, J., concur.

———————————