[Cite as *Pla v. Cleveland State Univ.*, 2016-Ohio-8165.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Maria Pla,                                  :

      Plaintiff-Appellant,          :

v.                                          :          No. 16AP-366
                                                       (Ct. of Cl. No. 2014-00918)
Cleveland State University,                 :

      Defendant-Appellee.           :          (REGULAR CALENDAR)

---

D E C I S I O N

Rendered on December 15, 2016

---

**On brief:**  *Caryn Groedel & Associates Co., LPA, Caryn M. Groedel* and *Tiffany C. Fischbach*, for appellant.  **Argued:** *Caryn M. Groedel.*

**On brief:**  *Michael DeWine*, Attorney General, *Randall W. Knutti* and *Lee Ann Rabe*, for appellee. **Argued:** *Randall W. Knutti.*

---

APPEAL from the Court of Claims of Ohio

TYACK, J.

{¶ 1}  Plaintiff-appellant, Maria Pla ("Pla"), appeals from the April 12, 2016 judgment of the Court of Claims of Ohio rendering judgment in favor of defendant-appellee, Cleveland State University ("CSU"), on Pla's claim of age discrimination in violation of R.C. 4112.02(A) and her claim of promissory estoppel.  For the reasons that follow, we affirm the judgment of the trial court.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

{¶ 2}  Pla was a part-time faculty member of CSU's music department from 1990 to 1994 and a piano and keyboard skills instructor from 1994 through June 2014 until her

contract was not renewed. At the time of her nonrenewal, Pla was 73 years old and was the oldest employee in the department of music by approximately 20 years.

{¶ 3} Dr. Birch Browning was appointed music department chairperson in 2012 and was the person who made the decision not to renew Pla's contract in 2014. Pla testified that from the outset of Browning's employment in 2002 as a faculty member, he ignored her and refused to communicate with her, or even say hello to her. Pla testified that after spring semester of 2012, when Browning became chairperson of the department, she attempted to communicate with him about changing the format of her course syllabus to conform to his preferences. After emailing her a template from the university, Browning asked Pla when she was planning to retire.

{¶ 4} In the summer of 2013, Browning told Dr. Angelin Chang, coordinator of CSU's keyboard department, that he wanted to replace Pla. Dr. Chang convinced Browning to renew Pla's contract telling him that she did not think it was a good idea for Browning to hire someone else and that it was not necessary to replace her.

{¶ 5} At the conclusion of the academic year in 2014, Dr. Browning contacted Pla by telephone and told her that she was fired. He said that her students had failed the Gateway examination, an internal student evaluation used to assess the skills students should acquire during their first two years of study to determine if they are ready for upper level courses. Pla inquired as to which students had failed, and Browning responded that it did not matter; he had already hired her replacement.

{¶ 6} Pla's replacement was Shuai Wang, who was 34 years old. Wang had a doctorate and a substantial amount of experience performing with orchestras and other music groups. She had no experience teaching a university level piano course, coordinating chamber music, or leading a weekly concert series in which CSU music department students performed. These were all skills and activities that Pla was proficient in. Wang was paid a salary that was $125 more per credit hour than Pla.

{¶ 7} Pla filed a lawsuit in the Court of Claims against CSU for age discrimination and promissory estoppel. Both sides filed motions for summary judgment that were denied by the trial court. The case proceeded to trial on March 14-16, 2016. At the close of Pla's case, CSU moved for dismissal of all claims under Civ.R. 41(B)(2). The trial court

granted CSU's motion with respect to the claim of promissory estoppel, and Pla has not appealed that determination.

{¶ 8} The trial court issued a decision that included findings of fact and conclusions of law. The trial court determined that Pla had established a prima facie case of discrimination under the framework established by the United States Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). The trial court then determined that the reasons offered by CSU for Pla's termination were "likely false." (Apr. 12, 2016 Decision at 10.) The trial court stated, "it is hard for the Court to believe Dr. Browning's stated reasons were the actual reason for his decision to terminate Plaintiff." (Decision at 10.)

{¶ 9} The trial court found that the original reason offered by Dr. Browning was that Pla's students had flunked or failed the Gateway exam. (Decision at 9.) However, during trial, Browning testified that Pla's students were performing at an inadequate level due to Pla's instruction. (Decision at 8.) When asked at trial about the apparent discrepancy with the reason he gave Pla on the phone, Dr. Browning stated that the students were passing the Gateway but below standards that were acceptable to him. According to Dr. Eric Ziolek, the previous chair of the department, Dr. Browning told Ziolek that the reason he decided not to renew Pla's contract was because she failed to stay current. (Decision at 8.) In response to interrogatories used to impeach Browning at trial, Browning gave the reason for nonrenewal to be unsatisfactory performance as evidenced by: 1) music education students having not done well on the Gateway Exam, which they must pass for acceptance into the licensure program in the College of Education; 2) students having to take additional lessons with Pla; 3) junior level music education students not being taught basic information that they needed to pass the class; 4) Pla's syllabi pulled for failing to align with prescribed proficiencies for the course, she was teaching skills she did not need; and, 5) Pla did not change teaching materials, even after being asked. (Decision at 8.)

{¶ 10} Even though the trial court found that the legitimate nondiscriminatory reasons given by CSU for terminating Pla were likely false, the trial court also held that Pla had failed to meet her ultimate burden of proving that she was intentionally discriminated against because of her age. The trial court went on to state:

> This is a close case. The Court finds that the evidence is evenly balanced. Thus, Plaintiff did not meet her burden of demonstrating by a preponderance of the evidence that she was terminated by Dr. Browning because of her age.

(Decision at 13.)

## II. ASSIGNMENT OF ERROR

{¶ 11} Pla appealed, assigning as error a single question of law.

> The Court of Claims judge erred, as a matter of law, by failing to enter a finding of unlawful discrimination once all the employer's proferred [sic] justifications for discharge were found to be likely false.

## III. STANDARD OF REVIEW

{¶ 12} Pla's assignment of error raises the question of whether the trial court applied the proper legal standard to her claim of age discrimination. This is a question of law that we review de novo. *See Doe v. Vineyard Columbus*, 10th Dist. No. 13AP-599, 2014-Ohio-2617, ¶ 13 ("the de novo standard of review is proper when the appeal presents a question of law."); *Ohio Edison Co. v. PUC*, 78 Ohio St.3d 466, 469 (1997) (determining if commission applied the proper legal standard is a question of law to be reviewed de novo); *Eagle v. Fred Martin Motor Co.*, 157 Ohio App.3d 150, 2004-Ohio-829, ¶ 11 (9th Dist.) ("when an appellate court is presented with purely legal questions, the standard of review to be applied is de novo."); *State v. Hartley*, 10th Dist. No. 15AP-192, 2016-Ohio-2854, ¶ 6 ("[w]e review questions of law under the de novo standard of review.").

## IV. MOTIONS

{¶ 13} Two motions are pending before this court. First, on September 21, 2016, Pla filed a "Notice of Additional Information" seeking to present new information in the form of an affidavit which she claimed was not available when she filed her brief. CSU filed a "Motion to Strike Maria Pla's Notice of Additional Information," arguing that the allegedly new information was double hearsay, and not part of the record.

{¶ 14} We agree with CSU that Pla is attempting to introduce evidence outside the record that was not available to the trial court deciding the case. Appeals are to be decided on the basis of the evidence in the record and not on information outside of the

record. *See, e.g., State v. Phillips*, 74 Ohio St.3d 72, 80 (1995) (a reviewing court cannot add matter to the record which was not part of the trial court's proceedings, and then decide the appeal on the basis of the new matter). Accordingly, the motion to strike the notice of additional information is granted. The court will not consider the additional information.

{¶ 15} Second, on September 29, 2016, the day after oral argument in this case, Pla filed a motion to supplement the record after learning at oral argument that she had failed to file the trial transcript with this court. CSU opposed the motion.

{¶ 16} Because both sides cited to the trial transcript in their briefs, and the sole assignment of error is a question of law, we find no prejudice to CSU in granting the motion. App.R. 9(E) provides in pertinent part that "[i]f anything material to either party is omitted from the record by error or accident * * * the court of appeals, or the court of appeals, on proper suggestion or of its own initiative, may direct * * * that a supplemental record be certified, filed, and transmitted."

{¶ 17} The September 29, 2016 motion to supplement the record with the trial transcript is granted.

## V. ANALYSIS

{¶ 18} Pla contends on appeal that the trial court applied the wrong legal standard required to establish a claim of age discrimination. Based on her understanding of the framework for a circumstantial case of disparate treatment discrimination as laid out in *McDonnell Douglas Corp.* and *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248 (1981), she contends that once she established a prima facie case of discrimination and succeeded in showing at trial that the employer's asserted reasons for nonrenewal were likely to be false, the fact-finder's inquiry comes to an end, and she was entitled to a finding of intentional discrimination.

{¶ 19} We believe Pla has misstated the appropriate legal standard required to prove a case of age discrimination under Ohio law.

{¶ 20} It is unlawful for an employer to discriminate against an employee because of her age. R.C. 4112.02(A). A plaintiff may prove a claim of age discrimination through either direct or circumstantial evidence. *Kohmescher v. Kroger Co.*, 61 Ohio St.3d 501, 505 (1991). Direct evidence is that evidence which, if believed, requires no inference to

establish that age was the unlawful reason for the employer's action. *Imwalle v. Reliance Med. Prods.,* 515 F.3d 531, 543 (6th Cir.2008). In the absence of direct evidence, a plaintiff can establish discrimination through circumstantial evidence using the burden-shifting framework set forth in *McDonnell Douglas Corp. Kohmescher* at 505. Under that framework, a plaintiff can establish a prima facie case of unlawful discrimination by presenting evidence that: (1) she was a member of the statutorily protected class, i.e., was at least 40 years old at the time of the alleged discrimination; (2) was discharged; (3) was qualified for the position; and (4) was replaced by, or the discharge permitted the retention of, a person of substantially younger age. *See Coryell v. Bank One Trust Co. N.A.*, 101 Ohio St.3d 175, 2004-Ohio-723, paragraph one of the syllabus (interpreting R.C. 4112.14).

{¶ 21} Establishment of a prima facie case creates a presumption that the employer unlawfully discriminated against the employee. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 596 (1993), quoting *Burdine* at 254. A burden of production is then imposed on the employer to present a legitimate, nondiscriminatory reason for the adverse employment action. *Id.* at 506-07. The employer need not prove a nondiscriminatory reason for taking the adverse employment action, but instead must merely articulate a valid rationale for its action. *Hall v. Ohio State Univ. College of Humanities*, 10th Dist. No. 11AP-1068, 2012-Ohio-5036, ¶ 17. The employer must clearly set forth, through the introduction of admissible evidence, a reason or reasons for its action which, if believed, would support a finding that unlawful discrimination was not the cause of the employment action.

{¶ 22} In the present case, the trial court found that Pla had established a prima facie case for age discrimination, and that CSU successfully overcame that presumption of discrimination by articulating a legitimate nondiscriminatory reason for not retaining Pla; namely that Pla's students did not perform well on the Gateway examination. Pla was then required to present evidence that CSU's reasons were a mere pretext for discrimination. To establish pretext, a plaintiff must demonstrate that the proffered reason (1) has no basis in fact, (2) did not actually motivate the employer's conduct, or (3) was insufficient to warrant the challenged conduct. *Knepper v. Ohio State Univ.*, 10th Dist. No. 10AP-1155, 2011-Ohio-6054, ¶ 12, citing *Dews v. A.B. Dick Co.*, 231 F.3d 1016,

1021 (6th Cir.2000). Regardless of which option is chosen, Pla was required to produce sufficient evidence from which the trial court could reasonably reject CSU's explanation and infer that CSU intentionally discriminated against her. *Hall* at ¶ 27; *Knepper* at ¶ 12. A reason cannot be proved to be a pretext for discrimination unless it is shown both that the reason was false, and that discrimination was the real reason for the employer's action. *Id.; St. Mary's Honor Ctr.* at 515.

{¶ 23} Pla argues that the trial court, having found Dr. Browning's stated reason for her nonrenewal was likely false, was compelled to enter judgment for her. This argument has been explicitly rejected by the United States Supreme Court and in cases from this district. *Id.* at 515; *Hall* at ¶ 27; *Knepper* at ¶ 12.

{¶ 24} In *St. Mary's Honor Ctr.* at 515, the United States Supreme Court explained:

> We have no authority to impose liability upon an employer for alleged discriminatory employment practices unless an appropriate factfinder determines, according to proper procedures, *that the employer has unlawfully discriminated*. We may, according to traditional practice, establish certain modes and orders of proof, including an initial rebuttable presumption of the sort we described earlier in this opinion, which we believe *McDonnell Douglas* represents. But nothing in law would permit us to substitute for the required finding that the employer's action was the product of unlawful discrimination, the much different (and much lesser) finding that the employer's explanation of its action was not believable.

(Emphasis sic.)

{¶ 25} Here, Pla convinced the trial court that CSU's articulated nondiscriminatory reasons for not renewing her contract were "likely false," but Pla failed to persuade the trial court that the real reason for the decision not to renew her contract was age discrimination.

{¶ 26} A plaintiff in an age discrimination claim at all times bears the ultimate burden of proving that age was the real reason for the employer's action. "The ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." *Ohio Univ. v. Ohio Civil Rights Comm.*, 175 Ohio App.3d 414, 2008-Ohio-1034, ¶ 67 (4th Dist.), quoting *Burdine*

at 253.  Once CSU offered its own evidence for why it did not renew Pla's contract, the trial court then had to decide whether the nonrenewal was discriminatory within the meaning of R.C. 4112.02.  *USPS Bd. of Governors v. Aikens*, 460 U.S. 711, 715 (1983).  At this stage, the *McDonnell-Burdine* presumption drops from the case, the factual inquiry proceeds to a new level of specificity, and the trier of fact is then in a position to decide the ultimate factual issue in the case.  *Aikens* at 715.

{¶ 27} Pla has erroneously argued that CSU was required to prove by a preponderance of the evidence that its asserted reasons for nonrenewal were legally sufficient to justify a judgment for the defendant.  (Reply Brief at 15.)  She has misapplied the appropriate legal standard required to prove a case of age discrimination under Ohio law.  As the trial court noted, this was a close case, but the plaintiff failed to meet the ultimate burden of proving that CSU intentionally discriminated against Pla because of her age.  The trial court did not apply the wrong legal standard to Pla's claim of age discrimination.

## VI. CONCLUSION

{¶ 28} The sole assignment of error is overruled, and the judgment of the Court of Claims of Ohio is affirmed.

*Motion to strike notice of additional information granted;*
*Motion to supplement the record granted;*
*Judgment affirmed.*

DORRIAN, P.J. and LUPER SCHUSTER, J., concur.

_____